UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LATASHA ANN NICHOLS,<br><br>                   Petitioner,<br>    v.<br><br>A COOPER,<br><br>                  Respondent. | CASE NO. 2:24-cv-01478-JHC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 6, 2024 |

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Latasha Ann Nichols initiated this action by filing a federal habeas petition pursuant to 28 U.S.C. § 2241. Dkt. 3. Although Petitioner invokes § 2241, her claims challenge the validity—not the execution—of her federal sentence and must be brought pursuant to 28 U.S.C. § 2255 or in a motion for compassionate release filed before her sentencing court. Thus, the undersigned recommends dismissing this action without prejudice so that Petitioner may, if she chooses, reassert her claims under § 2255 or in a motion for compassionate release filed before the proper court.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Petitioner is currently confined within the Federal Detention Center in SeaTac, Washington, which is located within the territorial district of this Court. Dkt. 3 at 2. Rather than challenging the *execution* of her federal sentence being served at that facility, Petitioner raises claims challenging the *validity* of that federal sentence, which was entered in *United States v. Latasha Ann Nichols, et al.*, No. 1:11-cr-00343-RJJ (W.D. Mich. judgment entered Feb. 14, 2013). Specifically, Petitioner's claims concern (1) intervening changes in the law since her sentence was imposed, (2) erroneous application of a sentencing enhancement, (3) erroneous application of the United States Sentencing Guidelines, and (4) a plea for compassionate release. Dkt. 3 at 6–8. These types of challenges are generally inappropriate for consideration by the court of confinement under § 2241 and must instead be raised to the sentencing court under § 2255 or in a motion for compassionate release.

## II. DISCUSSION

**A.    Petitioner may not raise her claims under 28 U.S.C. § 2241.**

Under 28 U.S.C. § 2241, a federal prisoner may seek habeas relief from their court of confinement on claims challenging the execution of their federal sentence, such as the computation of time credits or parole decisions. *See Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000). However, with limited exception, 28 U.S.C. § 2255 offers the exclusive mechanism for a federal prisoner to challenge the validity of their federal conviction and sentence, and such challenges must be brought in the federal district where conviction and sentencing occurred. *See id.*; *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (citing *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)).

The "savings clause" of § 2255(e) allows a federal prisoner to seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective," such as claims involving factual innocence that could not otherwise be brought. 28 U.S.C. § 2255(e). The savings-clause exception is narrow, and the fact that a petitioner may face procedural hurdles in bringing a challenge under § 2255 does not make the remedy inadequate or ineffective. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

In this case, Petitioner has not shown the remedy available under 28 U.S.C. § 2255 is inadequate or ineffective. There is no actual innocence claim; rather, each claim challenges the way Petitioner's sentence was imposed. Dkt. 3. In fact, Petitioner has previously raised some of the claims alleged here in § 2255 motions filed before her sentencing court, demonstrating her ability to seek relief through that channel. *Compare id. with Nichols v. United States*, No. 1:13-cv-00803-RHB, Dkt. 1 (W.D. Mich. filed Jul. 26, 2013) (challenging sentencing enhancement) *and Nichols v. United States*, No. 1:16-cv-1247-PLM, Dkt. 1 (W.D. Mich. filed Nov. 17, 2016) (challenge based on intervening change in the law). Thus, the petition is not excepted under the savings clause and must be construed as a motion filed under 28 U.S.C. § 2255.

**B.    This action should be transferred rather than dismissed.**

As petition challenges the validity of Petitioner's federal sentence, the appropriate forum is the federal district court where the sentence was imposed, not the district where Petitioner is currently confined. *Hernandez*, 204 F.3d at 864–65. Likewise, the sentencing court is the only court capable of granting Petitioner's request for compassionate release. *United States v. Cole*, 479 F. Supp. 3d 996, 999 (D. Or. Aug. 15, 2020) ("Even if there are extraordinary and compelling reasons, the grant of a motion for compassionate release is in the *sentencing court's*

REPORT AND RECOMMENDATION - 3

1  discretion.") (emphasis added). As this Court is the court of confinement, it must either dismiss
2  this action without prejudice or transfer it to the appropriate forum.

3        Pursuant to 28 U.S.C. § 1631, when a civil action is filed in the wrong jurisdiction, a
4  federal court "shall, if it is in the interest of justice, transfer such action" to any other federal
5  court in which the action may have been brought in the first instance. *Id.* Transfer under this
6  provision generally "serves to aid litigants who were confused about the proper forum for
7  review" and avoids often "time-consuming and justice-defeating" dismissals. *Miller v.*
8  *Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citations and quotations omitted).

9        Here, it does not appear that Petitioner was confused about the proper court for review as
10 she has previously filed § 2255 motions and motions for compassionate release before the correct
11 court. Petitioner's awareness of and ability to navigate the procedural requirements for filing §
12 2255 motions before her sentencing court is illustrated by her *pro se* motion for permission to
13 file a second or successive § 2255 motion that was granted by the Sixth Circuit Court of Appeals
14 in 2016. *See Nichols*, No. 1:16-cv-1247-PLM, at Dkt 4. Furthermore, Petitioner indicates that she
15 previously filed at least one motion for compassionate release before her sentencing court, Dkt. 3
16 at 6, and the record in her underlying criminal case reflects that she filed two such motions
17 without the assistance of counsel, *see Nichols*, No. 1:11-cr-00343-RJJ at Dkts. 167, 214.

18       Accordingly, the undersigned finds the interest of justice does not require transfer to the
19 sentencing court and recommends this action be dismissed without prejudice for failure to file in
20 the proper forum. *See Martinez v. Warden FCI Hazelton*, No. 18-cv-53-DMG-PVC, 2021 WL
21 4483406 (C.D. Cal. July 7, 2021), *report and recommendation adopted*, 2021 WL 4478382
22 (C.D. Cal. Sept. 30, 2021) (dismissing improper § 2241 petition upon finding that transfer to the
23 sentencing court would not be in the interest of justice).

24

REPORT AND RECOMMENDATION - 4

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends the petition (Dkt. 3) and this action be dismissed without prejudice for failure to file in the proper form.

Objections to this Report and Recommendation, if any, should be filed with the Clerk not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 6, 2024**.

Dated this 22nd day of October, 2024.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge